UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| COCA L. EDWARDS, JR., Plaintiff | CIVIL ACTION NO. 1:18-CV-645-P |
| VERSUS | JUDGE DEE D. DRELL |
| STATE OF LOUISIANA, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint and Amended Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Coca L. Edwards ("Edwards"). (Docs. 1, 6). At the time of filing, Edwards was a pretrial detainee at the Jackson Parish Correctional Center ("JPCC") in Jonesboro, Louisiana. Edwards complains that he was wrongfully arrested in Winn Parish and subjected to excessive force after being transferred to JPCC. (Doc. 1, p. 4).

Because Edwards's excessive force claim is without merit, and his claim regarding his arrest and detention is barred by Heck v. Humphrey, 512 U.S. 477 (1994), Edwards's Complaint and Amended Complaint (Docs. 1, 6) should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Edwards alleges that he was wrongfully stopped by a law enforcement officer who informed Edwards that he would be cited for an expired registration and license plate. (Doc. 1, p. 3). Several other law enforcement officers arrived, and the state trooper on the scene asked for consent to search Edwards's vehicle. (Doc. 1, p. 3).

Although Edwards initially agreed, he subsequently changed his mind and declined to give consent. (Doc. 1, p. 3). Nonetheless, Edwards alleges that he heard an officer state that the K-9 had made a "responsive alert." (Doc. 1, p. 7). Officers then entered Edwards's vehicle and confiscated Edwards's property. (Doc. 1, p. 8).

Edwards alleges that he was arrested and transported to the Winn Parish Sheriff's Office. (Doc. 1, p. 8). The following day, Edwards was informed he was having a bond hearing by telephone. (Doc. 10). Edwards alleges that he could not hear the judge over the speakerphone. (Doc. 1, p. 10).

Edwards was called to meet with someone from the Indigent Defender Board, who asked Edwards to sign paperwork if he wanted a bond reduction. (Doc. 1, p. 11). Edwards refused to sign. (Doc. 1, p. 11).

According to his exhibits, Edwards was charged with several drug offenses as well as possession of a firearm by a convicted felon. (Doc. 18-1, p. 25). Edwards alleges that he filed numerous *pro se* motions in the Eighth Judicial District Court, which were denied. (Doc. 1, p. 13). Edwards alleges he was eventually convicted of the crimes charged. (Doc. 19).

After his arrest, Edwards was transported to JPCC. (Doc. 1, p. 11). Edwards alleges that Captain Kelly entered his dorm and shouted to the men that they would receive haircuts in the front of the dorm. (Doc. 1, p. 15). Edwards refused to leave his bunk area, explaining to Captain Kelly that he did not want a haircut. (Doc. 1, p. 15). Captain Kelly ordered Edwards to the "interlock." Once inside the "interlock," Captain Kelly ordered Edwards to turn around. (Doc. 1, p. 15). Edwards states that

he did not comply with the first or second order. (Doc. 1, p. 5). Edwards alleges that, after Captain Kelly gave the order a third time, he sprayed Edwards with Mace as Edwards was beginning to turn in compliance with the order. (Doc. 1, p. 15). After being sprayed, Edwards turned away again. (Doc. 1, p. 15). Edwards alleges that, as he turned back toward Captain Kelly, he was sprayed a second time. (Doc. 1, p. 15). Edwards further claims that he was led to a barber's chair but stood up saying he did not want his hair cut. Captain Kelly and several other officers forced him to sit. (Doc. 1, p. 15). Captain Kelly then put Edwards "in a choke hold and took [Edwards] to the floor," giving someone instructions to cut Edwards's hair. (Doc. 1, p. 15).

## II. Law and Analysis

### A. Edwards's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Edwards is a prisoner who has been allowed to proceed in forma pauperis. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003). Because Edwards is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. Edwards's claims regarding wrongful arrest and detention are Heck-barred.

Edwards claims that his arrest and detention following the traffic stop are unlawful. In Heck, the Supreme Court held that "a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question." Heck, 512 U.S. at 486–87. A § 1983 claim falls under the rule of Heck only when a judgment in favor of the plaintiff would necessarily imply the invalidity of a subsequent conviction or sentence. See Wallace v. Kato, 549 U.S. 384, 393 (2007).

Because Edwards was convicted of the charges stemming from his traffic stop, an award of damages for unlawful arrest and imprisonment would imply the invalidity of that conviction. Thus, Edwards's claim is barred by Heck.

### C. Edwards cannot establish an excessive force claim against Officer Kelly.

As a pretrial detainee, Edwards had a clearly established Fourteenth Amendment Due Process right to be free from excessive force. See Kingsley v. Hendrickson, 135 S. Ct. 2466, 2471-72 (recognizing pretrial detainee's constitutional right to be free from excessive force); Valencia v. Wiggins, 981 F.2d 1440, 1445 (5th Cir. 1993) (Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment).

In Kingsley, the Supreme Court held that, in cases brought by pretrial detainees, the appropriate excessive force standard is an objective one. Specifically, the Supreme Court held that "a pretrial detainee must show only that the force

purposely or knowingly used against him was objectively unreasonable." Id. The Supreme Court explained that "objective reasonableness turns on the 'facts and circumstances of each particular case.'" Kingsley, 135 S. Ct. at 2473. Whether the force used against a detainee by government officers was reasonable must be determined from the perspective of a reasonable officer facing the same circumstances and taking into consideration only what the officers knew at the time force was used. Id.

Factors courts consider when determining whether a use of force against a pretrial detainee was objectively reasonable include: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the detainee's injury; (3) any effort made to temper or limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the defendant; and (6) whether the detainee was actively resisting. Id. The list is not exclusive, but merely illustrative of the types of objective circumstances potentially relevant to a determination of excessive force. Id.

Therefore, in order to prevail on his claim for the use of excessive force by Captain Kelly, Edwards must show that the force purposely or knowingly used against him was objectively unreasonable. Edwards specifically admits that he refused to comply with multiple orders from Captain Kelly because he did not want a haircut (Doc. 1, p. 15). Edwards only complied after being sprayed with chemical agent. Even after sitting in the barber chair, Edwards stood up and refused to comply. (Doc. 1, p. 15). Ultimately, Captain Kelly allegedly put Edwards in a "choke

hold" and "took [Edwards] to the floor" to cut his hair. (Doc. 1, p. 15). Edwards admits that he was actively resisting orders. Captain Kelly gave Edwards multiple commands before employing any force, indicating that efforts were made to temper or limit the amount of force necessary. Edwards was not beaten, and he does not allege that he suffered any physical injury from the incident. Based on the factors enunciated in Kingsley, the Court finds that Edwards cannot show that the force used by Captain Kelly was objectively unreasonable.

### III.   Conclusion

Because Edwards's excessive force claim is without merit and his claim regarding his arrest and detention is barred by Heck, IT IS RECOMMENDED that Edwards's Complaint and Amended Complaint (Docs. 1, 6) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915 and 1915A, with the Heck claim being DISMISSED WITH PREJUDICE to being asserted again until the Heck conditions are met.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this <u>25th</u> day of September 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE